# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EDWARD SAMUEL PUNDYK, *et al.*,<br><br>    Defendants. | Case No. 2:16-cv-01196-APG-GWF<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Motion for Interpleader (ECF No. 27), filed on October 19, 2016.  The Court conducted a scheduling conference in this matter on August 18, 2016. The Court conducted a hearing in this matter on November 22, 2016.  This proceeding is referred to the undersigned pursuant to 28 U.S.C. 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

## BACKGROUND

On May 27, 2016, Plaintiff filed its Complaint in Interpleader (ECF No. 1) to distribute the death benefits of the decedent, Delphina Medeiros, pursuant to the Employment Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure. *See Plaintiff's Motion for Interpleader* (ECF No. 27), pg. 4. Plaintiff issued group life insurance policies that was sponsored by the decedent's employer, Truckee Gaming, LLC. *Id.*  At the time of Delphina Medeiros' death, she was a participant in the life insurance plan and was enrolled in life insurance and accidental death and dismemberment coverage in an amount totaling $12,000.00 in plan benefits. *Id.* at pg. 4.

The decedent died on October 7, 2015 due to gunshot wounds of the chest and upper extremities. *See Complaint*, (ECF No. 1), exhibit 1.  The life insurance benefits became payable as of

the date of her death. *Id.* at exhibit 2. The plan establishes that the participant has the right to name his or her beneficiary. *Id.* The beneficiary designation form named Defendant Edward Samuel Pundyk, the decedent's son, as the sole primary beneficiary. *Id.* at exhibit 3. Defendant Edward Samuel Pundyk is charged with murder with a deadly weapon in connection to the decedent's death and is the defendant in the related criminal matter in the Second Judicial District Court, State of Nevada, Washoe County, *State v. Edward Samuel Pundyk*, Case No. CR16-1290. *See Plaintiff's Motion for Interpleader*, (ECF No. 27), pg. 4. Defendant Edward Samuel Pundyk made a claim for group life insurance benefits on January 5, 2016. *See Complaint*, (ECF No. 1), exhibit 4.

Pursuant to ERISA, Plaintiff is a fiduciary and must make claim determinations in accordance with ERISA and the documents governing the life insurance plan. See *Motion for Interpleader*, (ECF No. 27), pg. 5-6. Although Plaintiff represents that it is ready and willing to pay the plan benefits, it is unable to determine who is legally entitled to the plan benefits due to conflicting issues of fact and law. *See Complaint*, (ECF No. 1), pg. 4-5. Although the decedent designated Edward Samuel Pundyk as the beneficiary of the life insurance policy, he is not entitled to the benefits pursuant to N.R.S. § 41B.200, if he is convicted for murder of the decedent. His criminal jury trial is scheduled to take place on May 30, 2017. The life insurance plan provides that if there is no beneficiary, the plan will pay the benefits to one of the following: (a) his estate; (b) his spouse; (c) his parents; (d) his children; or (e) his brothers and sisters. Defendant William John Pundyk is the son of the decedent. Defendant William D. Flugher is the husband of the decedent. Defendants Antonette Sinai and Joann V. Stokes are the sisters of the decedent.

Defendants request 1) permission to interplead funds to the Court, 2) dismissal from this case and discharge of all potential liability related to interpleaded funds, and 3) reasonable attorney's fees and costs incurred in this proceeding.

## DISCUSSION

District courts have original jurisdiction over interpleader actions involving $500 or more in controversy if "two or more adverse claimants, of diverse citizenship...are claiming or may claim to be entitled to such money or property..." 28 U.S.C. § 1335(a). Rule 22 of the Federal Rules of Civil Procedure allows interpleader of disputed funds where a Plaintiff is subject to double or multiple

liability. *Perfekt Mktg., LLC v. Luxury Vacation Deals, LLC*, 2015 WL 10012987, at *2 (D. Nev. Nov. 16, 2015). The purpose of the interpleader is for the stakeholder to "protect itself against the problems posed by multiple claimants to a single fund." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012). An interpleader action typically involves two stages. *Id.* In the first stage, the district court decides whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. *Id.* If the Court finds that the interpleader action has been properly brought, it then makes a determination of the respective rights of the claimants. *Id.*

The Ninth Circuit held that "in order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). The threshold to establish good faith is low. *Id.* Although an interpleading stakeholder need not sort out the merits of conflicting claims as a prerequisite to interpleader, good faith requires a real and reasonable fear of exposure to double liability or the vexation of conflicting claims. *Id.* Therefore, a cursory analysis of the merits of this case is required to determine if Plaintiff has a real and reasonable fear of multiple colorable claims.

Plaintiff has a good faith belief that there are multiple potential colorable claims for several reasons. First, Defendant Edward Samuel Pundyk's criminal jury trial may impact whether his beneficiary designation is enforceable. Second, if Defendant Edward Samuel Pundyk's beneficiary designation is not enforceable, the language of the life insurance plan does not indicate in what order the plan benefits are payable to the decedent's heirs. Third, Defendants William John Pundyk, William D. Flugher, Atonette Sinai, and Joann V. Stokes filed Answers (ECF No. 9, 23, 25, 26) and do not agree on who should receive the plan benefits.

Plaintiff's Motion for Interpleader should be granted to permit Plaintiff to deposit the plan benefit funds into the Court. Pursuant to Local Rule 22-1, the Court recommends that Plaintiff be discharged from the case. Plaintiff is permitted to file its application for attorneys' fees and costs within 30 days from the issuance of this Report and Recommendation. Plaintiff is permitted to request reasonable attorney's fees and costs, but the Court does not at this time make a determination

as to the amount.  Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Interpleader (ECF No. 27) be **granted** to the extent that Plaintiff shall be permitted to deposit the plan benefit funds into Court.

**IT IS FURTHER RECOMMENDED** that judgment be entered in favor of Plaintiff that it has complied with its legal obligations regarding the life insurance proceeds by depositing the funds into court.

**IT IS FURTHER RECOMMENDED** that Plaintiff be permitted to file its application for attorneys' fees and costs within 30 days of the order adopting this Report and Recommendation.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 4th day of January, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge