UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EDWARD SAMUEL PUNDYK, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:16-cv-01196-APG-GWF<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>(ECF Nos. 37) |

　　　This is an interpleader action filed by plaintiff The Guardian Life Insurance Company of America due to competing claims for life insurance benefits under an ERISA plan. Among the possible claimants to the funds is defendant Edward Samuel Pundyk. Guardian moves for default judgment because Edward Pundyk has not filed an answer after having been served. Edward Pundyk did not oppose the motion for default judgment.

　　　Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

　　　Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be

1  decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811,814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiffs substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72.

Guardian has satisfied the procedural requirements for default judgment. Pursuant to Rule 55(a), the clerk properly entered a default against Edward Pundyk. ECF Nos. 6, 28, 33. Because Edward Pundyk has neither answered nor otherwise responded to the complaint, the notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to entering a default judgment.

Turning to the *Eitel* factors, the first factor considers whether Guardian will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (CD. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). In this case, the clerk entered default against Edward Pundyk for his failure to file a responsive pleading or answer the complaint and defend the lawsuit. As a result, Guardian will suffer prejudice if default judgment is not entered as it may leave Guardian open to litigation with Edward Pundyk in the future over the disposition of the funds. Thus, this factor weighs in favor of an entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8. Guardian's interpleader complaint is well pleaded in that it adequately states the controversy over who is entitled to the funds. The other defendants have answered. Thus, the second and third *Eitel* factors weigh in favor of an entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo.*, Inc., 238 F. Supp. 2d at 1176. The amount of benefits at issue is only $12,000. Guardian seeks no money from Edward Pundyk and does not claim an interest in the $12,000 beyond fees and costs related to bringing this interpleader action. Therefore, the fourth *Eitel* factor weighs in favor of default judgment.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). There is a possibility of disputed facts because Edward Pundyk is the named beneficiary for the benefits but he may not be entitled to those funds if he murdered his mother, and he was arrested and charged with that crime. However, this court later will determine the proper disposition of the funds among the various claimants. Thus, the fifth *Eitel* factor weighs in favor of an entry of default judgment as to Guardian, who claims no interest in the funds.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. Guardian properly served Edward Pundyk with the summons and the complaint but he failed to respond. He was given an extended deadline to respond but failed to do so. The clerk of court entered default on October 25, 2016 and Edward Pundyk still has not appeared in this case. There is no evidence before me that Edward Pundyk's failure to respond is due to excusable neglect. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Given the time period during which Edward Pundyk had notice of the action yet failed to answer

1  or otherwise respond, it is unlikely that he failed to respond due to excusable neglect.  Thus, the
2  sixth *Eitel* factor weighs in favor of an entry of default judgment.

3        Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the
4  merits.  "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d
5  at 1472.  However, Edward Pundyk's failure to respond to the complaint "makes a decision on
6  the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Thus, while
7  this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me
8  from entering a default judgment.  A decision on the merits is desirable, but Edward Pundyk has
9  failed to file a responsive pleading or answer the complaint.  Under these circumstances, default
10 judgment in favor Guardian and against Edward Pundyk is warranted.

11       IT IS THEREFORE ORDERED that plaintiff's The Guardian Life Insurance Company of
12 America's motion for default judgment as to defendant Edward Samuel Pundyk **(ECF No. 37) is**
13 **GRANTED**.  The clerk of court shall enter judgment in favor of plaintiff The Guardian Life
14 Insurance Company of America and against defendant Edward Samuel Pundyk.

15       DATED this 1st day of February, 2017.

17       ANDREW P. GORDON  
      UNITED STATES DISTRICT JUDGE